1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEONARD HADLEY,

11            Plaintiff,                    No. CIV S-07-1592 FCD EFB P

12      vs.

13   STATE OF CALIFORNIA,

14            Defendants.                   <u>ORDER</u>

15   _____/

16      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations.  *See*

17   42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  The agency having custody of plaintiff shall forward payments from plaintiff's

22   account to the Clerk of the Court each time the amount in the account exceeds $10 until the

23   filing fee is paid.

24      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

25   does not state a cognizable claim against any defendant.  Rather, the complaint contains two

26   critical infirmities.  First, the defendant named in the complaint cannot be sued under 42 U.S.C.

1

1 § 1983.  Second, the complaint seeks damages for allegedly illegal confinement, which

2 implicates the validity of his scheduled release date and ordinarily must be presented by habeas

3 corpus rather than an action under § 1983.

4       With respect to the first defect, plaintiff names the State of California as the only

5 defendant.  Section 1983 creates a cause of action against *persons* who have deprived a plaintiff

6 of a right secured to him by the Constitution or laws of the United States while acting under

7 color of state law.  42 U.S.C. § 1983.  A state is not a person under section 1983.  *Will v.*

8 *Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, plaintiff cannot maintain this

9 action against  the State of California.

10       Second, the complaint seeks damages for allegedly illegal confinement which resulted

11 from a 45-delay in his scheduled release to parole.  He claims that this delay violates his right to

12 due process.  A complaint must be dismissed for failure to state a claim if "judgment in favor of

13 the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the

14 plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v.*

15 *Humphrey*, 512 U.S. 477, 487 (1994).  "[A] challenge to the procedures used in the denial of

16 parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's

17 continuing confinement."  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).  While

18 plaintiff has not been denied parole, his scheduled release has been delayed.  Plaintiff's success

19 on his claim in this court necessarily would imply the invalidity of his extended confinement.

20 Thus, unless he can show that the remedy of habeas corpus is unavailable through no fault of his

21 own, this action must be dismissed.  *See Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir.

22 2002) (*Heck* bar applies where plaintiff could have sought habeas relief but did not).  To proceed

23 on this claim, plaintiff must demonstrate that this extended confinement already has been

24 invalidated or that habeas procedures are unavailable to him through no fault of his own.

25       Therefore, to proceed plaintiff must file an amended complaint.  Any amended complaint

26 must show that the federal court has jurisdiction and that plaintiff's action is brought in the right

place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

1    A district court must construe pro se pleading "liberally" to determine if it states a claim

2  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

3  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

4    The court (and defendant) should be able to read and understand plaintiff's pleading

5  within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many

6  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

7  injury or joining a series of unrelated claims against many defendants very likely will result in

8  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

9  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

10    An amended complaint must be complete in itself without reference to any prior

11  pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

12  files an amended complaint, the original pleading is superseded.

13    Plaintiff is admonished that by signing an amended complaint he certifies he has made

14  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

15  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R.

16  Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

17  be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal.

18  Admin. Code § 3005.

19    A prisoner may bring no § 1983 action until he has exhausted such administrative

20  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

21  *v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an

22  amended complaint he certifies his claims are warranted by existing law, including the law that

23  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

24  his action.

25    Accordingly, the court hereby orders that:

26    1. Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the order to the Director of the California Department of Corrections and Rehabilitation filed October 26, 2007.

3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  November 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE